## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | *CRIMINAL NO. 07-60028 |
|---|---|
| VERSUS | *JUDGE MELANÇON |
| ROGER JOSEPH FONTENETTE | *MAGISTRATE JUDGE HILL |

### RULING ON MOTIONS TO SEVER

Before the undersigned are motions to sever filed by defendant, Roger Joseph Fontenette. [rec. docs. 16 and 17]. The motions are opposed by the government. [rec. doc. 21].

*Factual Background*

On August 14, 2007, the defendant was indicted on various firearms and drug charges as follows:

| Count | Charge |
|---|---|
| One | Possession with intent to distribute marihuana on April 3, 2005 in violation of 21 U.S.C. §841(a)(1) |
| Two | Distribution of cocaine on February 8, 2006 in violation of 21 U.S.C. §841(a)(1) |
| Three | Possession with intent to distribute cocaine on September 15, 2006 violation of 21 U.S.C. §841(a)(1) |
| Four | Possession of a firearm by a convicted felon on September 15, 2006 in violation of 18 U.S.C. §922(g)(1) and 924(e) |

| | |
|---|---|
| Five | Carrying of a firearm during and in relation to a drug trafficking crime on September 15, 2006 in violation of 18 U.S.C. §924(c)(1) |
| Six | Possession with intent to distribute cocaine on February 14, 2007 in violation of 21 U.S.C. §841(a)(1) |
| Seven | Forfeiture, 21 U.S.C. §853 |
| Eight | Forfeiture, 18 U.S.C. §924(d)(1) |

Fontenette seeks to sever the substantive drug and firearms counts in the indictment on grounds that the counts have been improperly joined under Rule 8(a), F.R.Cr.P., in that these counts are not of the same type or character, are not based on the same act or transaction and are not sufficiently connected with each other to constitute parts of a common scheme or plan. In support of his motion, Fontenette argues that unlike the other counts, Count One involved marijuana, not cocaine, and that three of the charged offenses (Counts One, Two and Six) do not allege the use of a weapon, while Counts Three through Five involve a weapon.

Fontenette also seeks to sever Count Four of the indictment, the felon in possession count, from the other counts in the indictment on grounds that Count Four is not of the same type or character as the drug counts, is not based on the same act or transaction as the drug counts, and is not connected with the drug counts as part of a common scheme or plan. Fontenette further contends that the purpose for the inclusion of Count Four in the indictment is to enable the government to present to the jury

2

prejudicial evidence that the defendant has prior felony convictions, which evidence Fontenette alleges is not otherwise admissible or relevant as it has no relation to the other counts in the indictment.

The government contends that the counts should not be severed because the drug offenses in Counts One, Two, Three, Five and Six are of a similar character and are parts of a common scheme or plan by Fontenette. The government further contends that the firearm charges in Counts Four and Five are based on the same act or transaction as the drug offense charged in Count Three. Thus, these three offenses are inextricably intertwined; hence, the evidence relating to the firearms charges is intrinsic to the evidence relating to the drug charge. Specifically, the government asserts that the firearm in Counts Four and Five was discovered on September 15, 2006 in connection with the investigation of the drug offense charged in Count Three, in the same vehicle which Fontenette was driving on that date and in which, on the person of a juvenile passenger, drugs were found.

With respect to evidence of the defendant's prior drug convictions necessary for a conviction under Count Four of the indictment, namely a 1998 conviction for conspiracy to possess with intent to distribute cocaine and a 2002 conviction for possession of phencycidine, the government asserts that this evidence would be admissible as "similar acts evidence" pursuant to Rule 404(b) of the Federal Rules of Evidence to prove the defendant's intent to distribute the drugs alleged in the charged offenses, and to establish

his knowledge and absence of mistake or accidental presence of the charged controlled substances.

*Law and Discussion*

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of two or more offenses in the same indictment, as follows:

> (a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offense charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).

Because Rule 8(a) is concerned with the propriety of joining offenses in the indictment, the Court should not look beyond the allegations in the indictment to determine whether the joinder is proper. *See United States v. Lane*, 474 U.S. 438, 447, 106 S.Ct. 725, 731, 88 L.Ed.2d 814 (1986); *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir.1988). The Fifth Circuit's view is that "Rule 8 is to be broadly construed in favor of initial joinder." *United States v. Winn*, 948 F.2d 145, 161 (5th Cir. 1991), *cert. denied*, 503 U.S. 976, 112 S.Ct. 1599, 118 L.Ed.2d 313 (1992) *citing United States v. Davis*, 752 F.2d 963, 971 (5th Cir.1985). "Joinder of charges is the rule rather than the exception . . . ." *United States v. Singh*, 261 F.3d 530, 533 (5th Cir.2001). When offenses are joined as having the " 'same or similar character,' the offenses need only be similar in category, not in evidence." *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir.2002)

*citing United States v. Coleman*, 22 F.3d 126, 133 (7th Cir.1994). "[R]equiring too precise an identity between the character of the offenses would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction." *Id.* at fn. 11 *quoting United States v. Werner*, 620 F.2d 922, 926 (2d Cir.1980) (internal quotations omitted). Thus, for joinder to be permissible, the crimes need not be identical, but rather, only "somewhat alike", "resembling in many respects" or "having a general likeness." *Id*. (citations omitted); *United States v. Melendez*, 301 F.3d 27, 35 (1st Cir. 2002) (noting that "similar" does not mean "identical").

Moreover, the Fifth Circuit has noted that the transaction requirement of Rule 8(a) is flexible and "[i]t may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *United States v. Park*, 531 F.2d 754, 760-61 (5th Cir.1976). The Fifth Circuit has found that crimes are of the same or similar character when counts charge violations of the same criminal statute and, further, that under such circumstances, a logical relationship between the counts exists. *United States v. Duarte,* 52 F.3d 1067 (5th Cir. 1995) (unpublished). *See also United States v. Dillon*, 2006 WL950104 (E.D.La. 2006) (finding counts properly joined because the alleged rapes involved the same statute and similar conduct, the sexual assault of women under the color of law).

Even if the initial joinder is proper under Rule 8(a), separate trials of counts charged in the same indictment may be ordered if the joinder is prejudicial. Rule 14, F.R.Cr.P.; *See also, e.g., United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996) ("Relief from prejudicial joinder may be had under Rule 14 if the defendant can demonstrate "specific and compelling prejudice.") *citing United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir.1994), *cert. denied*, 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

F.R.Cr.P. 14.

The existence of prejudice depends on the facts and circumstances of each case; the movant's burden of demonstrating prejudice is a difficult one. *Park*, 531 F.2d at 762. The Supreme Court has noted that, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). The Fifth Circuit has specifically rejected the assertion that being tried on multiple counts alone is sufficient prejudice, in and of itself, to require separate trials, instead finding that in such situations "any possible prejudice can be cured

6

by proper jury instructions administered by the district court." *United States v. Butler*, 429 F.3d 140, 147 (5th Cir. 2005) *citing United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995). This is so because juries are presumed to follow the instructions they are given. *Bullock*, 71 F.3d at 175 *citing Zafiro*, 506 U.S. at 540.

In this case, the substantive drug charges against Fontenette stem from his drug trafficking activities in this District over a two year period. Fontenette has been charged in Counts One, Two, Three, and Six with possession with intent to distribute controlled substances and actual distribution of controlled substances. The statutory violation charged in each count is identical, that is, a violation of 21 U.S.C, § 841(a)(1). Thus, these offenses are properly joined as they are of the same or similar character. *See Duarte, Dillon, supra*.

Further, joinder of these offenses is proper because joinder will result in the overlap of legal issues as the elements of the charged offenses are the same in each count. *See United States v. Melendez*, 301 F.3d 27, 36 (1st Cir. 2002) (finding overlap of legal issues justified joinder of drug charges stemming from separate incidents).

Finally, all but one count involves the same controlled substance, cocaine. Under such circumstances, the Fifth Circuit has found joinder proper. *See Terry v. United States*, 310 F.2d 715, 715 (5th Cir.1962) (where defendant unlawfully transferred marijuana to the same persons on two different dates, joinder is proper since offenses were identical).

In sum, petitioner has been charged with multiple violations of the same statute for similar prohibited conduct, namely, controlled substance trafficking, and, as such, joinder of these offenses is proper under Rule 8(a). *See also Brown v. United States*, 163 F.3d 1355 (5th Cir. 1998) (finding "no doubt" that three drug counts satisfied the "same or similar character" standard for joinder) (unpublished); *United States v. Beamer*, 8 F.3d 20 (5th Cir. 1993) (rejecting a claim of ineffective assistance of counsel for failure to move for severance of two drug counts because "there was no basis for a motion to sever the two drug counts as they were of the same or similar character); *United States v. Credit*, 95 F.3d 362, 363 (5th Cir. 1996) (finding that separate robberies of three credit unions and two post offices were of a similar character) .

Although Fontenette argues that severance of Count One is warranted because that count involves marijuana, he cites no controlling Fifth Circuit decision, nor any decision of another court, which holds that joinder is improper if the controlled substance which is intended to be distributed is different in the Counts sought to be severed.[1] Indeed, courts have routinely held that drug counts involving different controlled substances may be properly joined as the counts are of a similar character. *United States v. Simon*, 453 F.2d 111, 113-114 (8th Cir. 1971) (joinder of sale of cocaine and possession of a depressant

---

[1] The First Circuit case cited by Fontenette on this point, *United States v. Melendez*, 301 F.3d 27 (1st Cir. 2002), is inapposite. The *Melendez* court found joinder of two counts of possession with intent to distribute cocaine base had been properly joined. The court was not faced with a situation where the counts involved two different controlled substances, and hence the case does not stand for the proposition that joinder is improper when the controlled substance in the various counts differs. Given these facts, in finding joinder proper under Rule 8(a), the court therefore noted not only that the controlled substance at issue was the same, but also that the statutory violation was the same and that legal issues would overlap. *Id*. at 36.

and stimulant proper because both counts involved similar offenses, the illegal possession and sale of drugs."); *United States v. Tillman*, 470 F.2d 142 (3rd Cir. 1972) (joinder of offenses of selling heroin and selling cocaine proper since they were of the same or similar character); *United States v. Kellerman,* 432 F.2d 371, 374-375 (10th Cir. 1970) (violations involving marijuana and LSD were of similar character and properly joined).

The charges contained in this indictment, taken as a whole, allege that Fontenette engaged in an illegal drug distribution business that lasted from April 2005 to February 2007. In Rule 8(a) terms, Fontenette's drug sales, and intended drug sales, are clearly "two or more acts or transactions" connected to a "common scheme or plan", to wit, Fontenette's illegal drug business. The fact that Fontenette sold (or intended to sell) different drug "products" to his customers does not mean that a different "scheme" was involved; it simply means that Fontenette's illegal drug business (the "scheme or plan") was broadly based.

These counts have a "logical relationship" with each other – they are all connected as part of Fontenette's alleged illegal drug business. The fact that Fontenette's business operated over a two year period does not lessen this "logical relationship." *See Park* and *Duarte, supra*. Accordingly, the undersigned concludes that the dispositive fact is that the indictment charges that the defendant engaged in the trafficking of illegal drugs, not a specific illegal drug.

Fontenette's argument also runs counter to the plain language of Rule 8(a) which requires only that the joined offenses be of the "same or similar character", not that they be identical, as Fontenette suggests. *Hersh, Coleman, Werbner, Melendez*, *supra*. Fontenette's argument is also contrary to the Fifth Circuit's direction that Rule 8 is to be broadly construed in favor of initial joinder. *Winn, Davis, supra.*

For these same reasons, the undersigned finds petitioner's claim of improper joinder based on whether a firearm is alleged to have been involved is unpersuasive. Counts One, Two, Three and Six all charge drug trafficking offenses involving distribution or intent to distribute controlled substances. Whether a firearm was, or was not, involved does not change the nature of these offenses, nor does the presence or absence of a firearm make these offenses dissimilar as that term is used in the jurisprudence. To the contrary, proper joinder does not require the offenses to be similar *in evidence* as petitioner suggests. *See Hersch, Coleman, supra. See also Werner*, 620 F.2d at 926-927 (rejecting a claim of improper joinder based on the fact that one crime involved violence while the other crime did not because both were of a similar character). For these reasons, the undersigned finds that these offenses are of the same or similar character. Hence, joinder is proper under Rule 8.

Likewise, the undersigned finds that joinder of the firearm charge in Count Five is proper. It is clear that Count Five involves the same drug offense alleged in Count Three. Both counts allege the same date of the offense, September 15, 2006; Count 5 specifically

identifies the underlying drug trafficking offense in which the firearm was allegedly carried as the drug trafficking offense alleged in Count Three. As such, joinder of these counts is proper as they are based on the same act or transaction. *See United States v. Park,* 531 F.2d 754, 761 (5th Cir. 1976) (because the drugs and firearms were found in the same search, these charges were based upon the same transaction and their joinder was proper under Rule 8(a) *citing United States v. Pietras*, 501 F.2d 182 (8th Cir. 1974) (joinder proper because possession of the unregistered firearm derived from the firearm's presence in the van in which the defendant escaped from the robbery even though firearm not used in commission of the robbery); *United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990) (conspiracy to commit arson, possession of unregistered firearm and transporting handgun on commercial airline charges properly joined under the "transaction requirement" because the pistol was discovered during the arson investigation); *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006) (felon in possession of a firearm and body armor charges were properly joined with counts of possession with intent to distribute cocaine and carrying a weapon during a drug trafficking crime because police found the cocaine, firearms and bulletproof vest during the same investigation and search, thus rendering the "transactional relationship between the charges . . . particularly strong.").

In light of these decisions, the undersigned does not find Fontenette's reliance on the Sixth Circuit's decision in *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002)

persuasive. Moreover, it is clear that *Chavis* is factually distinguishable from the present case. In *Chavis,* the court found that possession of cocaine in June 1999 and purchase of a handgun in September 1997 were not properly joined as they were not part of the same act or transaction because the "nearly two-year gap in time which separates the two charges strongly refutes any inference of such a connection." *Id*. at 460. In so holding, the court expressly recognized the propriety of joinder "when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search." *Id.* at 459. That is the case here. *Chavis* therefore does not support the defendant's argument in this case.

For these reasons, the undersigned finds that the government has properly joined Counts One, Two, Three and Five in Fontenette's indictment under Rule 8(a).

Having found joinder is proper under Rule 8(a), the court must nevertheless determine whether there is sufficient prejudice to require severance under Rule 14. In support of prejudicial severance of all counts, Fontenette asserts, in a conclusory fashion, that "joinder of the counts in the indictment will be prejudicial to the defendant's right to a fair trial." [*See* rec. doc. 16, ¶ 5]. The undersigned finds this argument unpersuasive[2];

---

[2] Fontenette also cites *United States v. Sampson*, 385 F.3d 183, 193 (2nd Cir. 2004) in support of his Rule 14 motion. However, that case found joinder was prejudicial because the defendant had made a "particularized showing" of a desire to testify to only one set of counts. No such showing has been made in this case. Further, a defendant seeking severance of charges because he wishes to testify on some counts but not others has the burden of demonstrating "that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994). Petitioner's conclusory allegations do not satisfy this requirement.

being tried on multiple counts is not sufficient prejudice in and of itself to require separate trials. *Butler,* and *Bullock, supra.* Rather, "any possible prejudice [to Fontenette] can be cured by proper jury instructions administered by the district court" as juries are presumed to follow the instructions they are given. *See Id. ; Zafiro*, 506 U.S. at 540. This is particularly true in this case given that the evidence with respect to each count is easily separable, the incidents underlying each count being distinct in time and persons involved, thus lessening any danger that the jury will use evidence of one count to convict Fontenette of other counts. *See Duarte, supra. citing United States v. Bermea,* 30 F.3d 1539, 1574 (5th Cir. 1994).

With regard to Count Five, the government's assertion that evidence of the firearm is intrinsic to the evidence relating to the drug charge alleged in Count Three is well taken. "Other act" evidence is "intrinsic" when the evidence of the other act and the evidence of the crime charged are "inextricably intertwined" or both acts are part of a "single criminal episode" or the other acts were "necessary preliminaries" to the crime charged. *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) *citing United States v. Torres*, 685 F.2d 921, 924 (5th Cir.1982). Intrinsic evidence is admissible "so that the jury may evaluate all the circumstances under which the defendant acted." *United States v. Royal,* 972 F.2d 643, 647 (5th Cir. 1992). Here, Fontenette's alleged possession and carrying of the firearm during, and in connection with, the drug trafficking offense alleged in Count Three makes the firearm evidence "inextricably intertwined" with the

drug count. Moreover, both acts are part of a "single criminal episode." As such, evidence of the possession of the firearm is clearly intrinsic evidence which is both relevant and admissible. Thus, there is no Rule 14 violation.

Defendant's arguments with respect to Count Four, however, require further discussion. Fontenette asserts that even if Count Four is properly joined under Rule 8(a), in the absence of severance, the government will be able to introduce prejudicial evidence that he has prior felony convictions, which evidence Fontenette alleges is not otherwise admissible or relevant to the drug counts.

The government asserts, however, that Fontenette's prior convictions for conspiracy to possess with intent to distribute cocaine and possession of phencycidine are nevertheless admissible as "similar acts evidence" pursuant to Rule 404(b) of the Federal Rules of Evidence to prove the defendant's intent to distribute the drugs alleged in the charged offenses, and to establish his knowledge and absence of mistake or accidental presence of the charged controlled substances.

The admissibility of extrinsic offense evidence is governed by Federal Rule of Evidence 404(b).[3] *Williams*, 900 F.2d at 825. Interpreting this Rule, the Fifth Circuit has found that the rule calls for a two-step test as follows:

---

[3]Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts, is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunities, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

14

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.

*United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (en banc). "Relevance is a function of its similarity to the offense charged." *Id*. Where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses. *Id*. The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense. *Id*. at 912. In other words, the "extrinsic offense is relevant (assuming the jury finds the defendant to have committed it) to an issue other than propensity because it lessens the likelihood that the defendant committed the charged offense with innocent intent." *Id*. at 914. Accordingly, the Fifth Circuit has permitted evidence of prior drug convictions to show intent and knowledge with respect to the charged drug offense. *Park*, 531 F.2d at 762-763; *see also Williams*, 900 F.2d at 826 (evidence of prior mailing of drugs relevant to knowledge and intent to perpetrate the charged drug mailing).

At this point, the court does not know whether Fontenette's theory of defense is either mistake or lack of knowledge. Given the testimony that the government adduced at

15

the hearing on the motion to suppress, that seems unlikely.⁴  Accordingly, at this point in the proceedings, the undersigned does not believe that the defendant's prior convictions are admissible to show knowledge or absence of mistake.  If the defendant makes such a defense, then the conviction may be admissible.  *United States v. Park,* 531 F.2d 754, 759-63 (5th Cir. 1976).

The court is particularly mindful of the potential for unfair prejudice when a felon-in-possession count is joined with other charges.  This has been recognized by the Fifth Circuit in *United States v. McCarter*, 316 F.3d 536 (5th Cir. 2002), where the court noted as follows:

> We have long recognized the obvious dangers inherent in trying a felon-in-possession count together with other charges, as it acts as a conduit through which the government may introduce otherwise inadmissible evidence of the defendant's prior convictions, thereby potentially tainting the reliability of the verdict rendered by the jury on the other counts. For this reason, "'evidence of a prior conviction has long been the subject of careful scrutiny and use at trial' because of the danger that the jury might convict, not based on the evidence, but because it feels that the defendant is a 'bad person.'"  Although the potential for prejudice resulting from introduction of prior crimes evidence in connection with a felon-in-possession charge may be lessened by limiting instructions, a proper inquiry into the propriety of trying the felon count together with the other charges requires examining not only the efficacy of the limiting measures taken by the trial court, but also the strength of the evidence of the defendant's guilt.  In certain cases, the translucency of the government's ill motive for adding the felon-in-possession count is also a factor in determining whether severance was warranted.

*McCarter*, 316 F.3d at 538-39 (citations omitted).

---

⁴The substance of the evidence as to Count Three is to the effect that Fontenette attempted to hide cocaine by placing it in the pocket of a juvenile passenger of the truck which he was driving.

The undersigned, applying the "careful scrutiny" directed by the Fifth Circuit in *McCarter* finds that the evidence of the defendant's two prior felony convictions creates an impermissible potential for prejudice because of the danger that the jury might convict the defendant because it feels that the defendant is a bad man.

The undersigned is aware that, under certain circumstances, limiting instructions can mitigate the potential for prejudice. Here, however, given the nature of the prior convictions as drug offenses, and further given that there are two, rather than only one conviction, the undersigned doubts that, in this case, the jury will be able to give the required effect to any limiting instructions.

This does not mean that Count Five (the carrying a firearm during, and in relation to, a drug trafficking offense) is not properly joined with the remaining counts, nor does it mean that Count Five must be severed pursuant to Rule 14, F.R.Cr.P. It simply means that at this stage of the proceedings, the government will not be allowed to try the defendant on Count Four in a single trial. As the undersigned has said before, guns may be inextricably intertwined with drug offenses, but prior felony convictions are not. *United States v. Furlow*, 2006 WL 1371595, *2 (W.D. La. 2006). The joinder of Count Four is improper under Rule 8(a), and, if joinder was proper, a severance of this count would nevertheless be required by Rule 14.

For the above reasons, the defendant's Motion to Sever Count Four for a separate trial is **granted**. The defendant's Motions to Sever, in all other respects is **denied**.

Signed at Lafayette, Louisiana on July 25, 2008.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE