RECEIVED
JUN - 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NUMBER: 07-60028 |
| VERSUS | JUDGE DOHERTY |
| ROGER JOSEPH FONTENETTE | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is a Motion to Dismiss the Indictment issued in this matter with prejudice, filed by defendant, Roger Joseph Fontenette. [Doc. 80] Also pending is a "Motion to Dismiss for Violation of the Speedy Trial Act" with prejudice, filed by the United States Government. [Doc. 89]

### I. Background

On August 14, 2007, defendant Roger Joseph Fontenette was indicted by a federal grand jury in the Western District of Louisiana, Lafayette-Opelousas Division. [Doc. 1] The matter was assigned to Judge Tucker L. Melançon. Defendant made an initial appearance on November 7, 2007. [Doc. 8] That same date, the indictment was unsealed and trial was set for January 7, 2008. [Id.] Trial was subsequently continued (by request of the government, and by the court *sua sponte*) on three occasions. [Doc. Nos. 27, 51, 72] On March 4, 2009, this matter (along with other cases from Judge Melançon's docket) was transferred to this Court.[1] [Doc. 78] Trial had not been set at the

---

[1] Judge Melancon assumed senior status. This Court, along with Judge Richard Haik, assumed that portion of Judge Melancon's docket he wished, at that time, to divest.

time of transfer.[2]

On March 11, 2009, this Court issued a minute entry setting a telephone status conference for April 22, 2009 at 4:00 p.m. so that the trial of this matter could be reset.[3] [Doc. 79] At the conference, trial of this matter was reset for May11, 2009, which was the next available trial date.

On April 24, 2009, defendant filed a Motion to Dismiss the Indictment with prejudice, premised upon violations of the Speedy Trial Act. [Doc. 80-1, p.1][4] On May 1, 2009, the government filed a responsive brief, wherein it acknowledged the Speedy Trial Act had been violated, but urged the Court to dismiss the matter without prejudice. [Doc. 85] On May 14, 2009, the government filed a Motion to Dismiss the Indictment, again arguing the dismissal should be without prejudice. [Doc. 89] The defendant has filed an opposition to the government's motion, seeking dismissal with prejudice. [Doc. 90]

## II. Applicable Law

The Speedy Trial Act, 18 U.S.C. §§ 3161 - 3174, requires that criminal defendants be tried

---

[2] The last Order continuing the trial issued by Judge Melancon (which issued on November 24, 2008) did so "without date." [Doc. 72]

[3] The Court began to coordinate dates for the telephone status conference (via electronic mail) on February 26, 2009, as it was aware at that time that this matter would soon be transferred to this Court. [See Court Exhibit "A"]. The Court provided counsel with nine dates it had available for the status conference. The following day, the government advised it was available on six of those dates. [Id.] That same day (February 27, 2009), defense counsel provided his available dates for a different case transferred from Judge Melançon. [Court Exhibit "B"] However, the Court has no record of defense counsel having provided available dates for *this matter* at that time. On March 6, 2009, the Court again requested dates from counsel to hold a status conference, and provided counsel with seven dates to choose from. [Court Exhibits "C" and "D"] That same day, both counsel provided their available dates. [Id.] April 22, 2009 was the only date which was clear on all calendars. [Id.]

[4] On May 1, 2009, this Court referred defendant's motion to dismiss [Doc. 80] to Magistrate Judge Hill for issuance of a Report and Recommendation. [Doc. 86] The Report and Recommendation has not yet issued.

"within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Id. at § 3161(c)(1). If a defendant is not brought to trial within this period, then the indictment must be dismissed upon motion of the defendant. Id. at § 3162(a)(2).

In determining whether a dismissal of an indictment for noncompliance with the Speedy Trial Act should be with or without prejudice, the district court must consider: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to the dismissal, and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(2); U.S. v. Taylor, 487 U.S. 326, 332-33 (1988). "The defendant has the burden of proving that dismissal of his case pursuant to these factors is appropriate." U.S. v. Blevins, 142 F.3d 223, 225 (5th Cir. 1998)(citing United States v. Melguizo, 824 F.2d 370, 372 & n. 11 (5th Cir.1987)).

As stated by the Fifth Circuit:

> A district court is not required to dismiss an indictment with prejudice for every violation of the Speedy Trial Act. *See* Taylor, 487 U.S. at 342, 108 S.Ct. at 2422. "[T]he decision whether to dismiss a complaint under the Speedy Trial Act with or without prejudice is entrusted to the sound discretion of the district judge and ... no preference is accorded to either kind of dismissal." Melguizo, 824 F.2d at 371 (internal quotations omitted). Although not as harsh a sanction as dismissal with prejudice, dismissal without prejudice is meaningful because it, *inter alia*, forces the Government to obtain a new indictment if it decides to reprosecute as well as exposes the prosecution to dismissal on statute of limitations grounds. *See* Taylor, 487 U.S. at 342, 108 S.Ct. at 2422.

Blevins at 225.

### III. Analysis

A.  **Seriousness of the Offense**

Although not explicitly stated, it appears defendant argues none of the charges contained in the Indictment are serious offenses, and therefore the Indictment should be dismissed with prejudice. [*See* Doc. 80, pp.7-8] This argument is without merit. The Indictment in this matter charges defendant with the following offenses: possession with intent to distribute marijuana, distribution of cocaine, two counts of possession with intent to distribute cocaine, possession of a firearm by a convicted felon, carrying of a firearm during and in relation to a drug trafficking crime, and criminal forfeiture.[5] Count 6 (possession with intent to distribute more than five (5) kilograms of cocaine) subjects defendant to a potential ten-year term of incarceration. It cannot seriously be argued these are not serious offenses. *See* U.S. v. Melguizo, 824 F.2d 370, 371 (5th Cir.1987) (holding that courts look at the potential statutory term of incarceration for the underlying crime to determine the seriousness of offense, and a potential ten year sentence reflected a serious offense); U.S. v. Salgado-Hernandez, 790 F.2d 1265, 1268 (5th Cir. 1986) (noting that some courts consider an offense with a potential five-year sentence as serious). Furthermore, the government has filed a habitual offender notice [Doc. 11], which subjects defendant to a potential sentence of life imprisonment.[6]

---

[5]The firearm at issue in the charge of "carrying of a firearm during and in relation to a drug trafficking crime" was suppressed by Judge Melançon, as he found the search of defendant's vehicle (wherein the firearm was seized) was unconstitutional. However, the government has recently filed a motion to reconsider that ruling. [Doc. 81] Additionally, the charge of possession of a firearm by a convicted felon (which also involved the same firearm) was previously severed from the remaining charges. [Doc. 52] Therefore, unless the government were to prevail on its motion for reconsideration, it appears neither of these charges can be prosecuted at this time, as the same firearm was at issue in both charges, and there has been a ruling that the search which produced the firearm was unconstitutional.

[6]According to the notice and supporting documents, on October 19, 1995, defendant plead guilty to possession of cocaine (a felony conviction) in the 209th District Court for the State of Texas; on August 26, 1998, he pled guilty to conspiracy to possess with intent to distribute cocaine (a felony conviction) in the 16th Judicial District Court for the State of Louisiana; and on May 13, 2002, he pled guilty to possession of phencyclidine (a felony) in the 344th District Court for the State of Texas. With regard to the 2002

4

"The serious nature of this crime and [Fontenette's] recidivism unequivocally weigh in favor of dismissal without prejudice." U.S. v. Johnson, 29 F.3d 940, 946 (5th Cir. 1994).

B.  **The facts and circumstances of the case which led to dismissal**

With regard to this factor, courts are to "look to whether the Government sought the resultant delays for ulterior purposes as well as whether the Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant." Blevins at 226. Defendant has not addressed this factor. The government argues it did not cause the delays which have led to the Speedy Trial Act violation in this case. It notes that a motion to suppress, filed by defendant on November 27, 2007, was pending before the court for a period in excess of 100 days. Specifically, the government notes a hearing was held on the motion on February 27, 2008, all post-hearing briefs were submitted by March 5, 2008, and consequently, the court then had a period of 30 days (*i.e.* until April 4, 2008) in which the motion was considered "under advisement." After April 4, 2008, the Speedy Trial clock again began to tick. *See* Henderson v. U.S., 476 U.S. 321, 330-331 (1986). However, the Report and Recommendation did not issue until August 25, 2008, and Judge Melançon did not enter his Order adopting the Report and Recommendation until October 10, 2008.[7]

---

proceeding, the Texas Court deferred adjudication of guilt and placed defendant on probation for a ten year period, "reserv[ing] the right to proceed with adjudication of guilt of the charge" should defendant not comply with the conditions of probation, one condition being that defendant "commit no offense against the laws of this state [Texas] or any other state or the United States, or any governmental entity." [Doc. 11, pp.6, 8] Thus, it appears defendant likely is in violation of his probation for the 2002 offense committed in Texas.

[7] The Court notes at a pretrial conference held April 17, 2008, Judge Melançon continued the trial (apparently *sua sponte*) pending "final district court action on defendant's Motion to Sever [Rec. Docs. 16 & 17] and Motion to Suppress [Rec. Doc. 18] currently before the magistrate judge." [Doc. 50] No findings were made in writing as to whether this period of delay was excludable under the Speedy Trial Act. It appears the only basis for that continuance would be found at 18 U.S.C. § 3161(h)(7)(A), which provides as follows:

Any period of delay resulting from a continuance granted by any judge on his own motion

5

Additionally, as defendant has not addressed this factor, the Court presumes he has found no evidence of "bad faith" on the part of the government, or that the delay was intentional on the part of the government. Defendant has presented no argument that he is prejudiced by the delay, that "the delay interfered with his ability to mount a defense," that the United States Attorney regularly violates the Speedy Trial Act, or that there has been a pattern of delay in this matter. *See* U.S. v. Johnson, 29 F.3d 940, 946 (5th Cir. 1994). Finally, the Court notes in U.S. v. Trevino, 120 F.3d 265 (5th Cir. 1997)(unpublished), the district court found it was solely responsible for the trial not commencing within the Speedy Trial Act deadline and dismissed the Indictment without prejudice. On appeal, the Fifth Circuit found, "Under the circumstances of this case, reprosecution did not seriously impact the administration of the Speedy Trial Act in particular, or the administration of justice in general." Accordingly, the Fifth Circuit concluded the district court did not commit reversible error in dismissing the Indictment without prejudice.

Due to the foregoing, the Court cannot, in good conscience, find "the Government sought the resultant delays for ulterior purposes ... [or that the] Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant." Blevins at 226.

---

> ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

As neither party has informed the Court as to whether Judge Melançon conducted an "ends of justice" analysis, and because it appears no reasons were set forth in the record (*i.e.* it appears no transcript was made of the conference), this Court presumes that analysis did not occur. If this Court is in error (*i.e.* if this period of time was found to be excludeable under the Speedy Trial Act by Judge Melançon) the parties are to bring that fact to the Court's attention within five days of issuance of this Ruling.

C.  **Impact of Reprosecution on the Administration of the Speedy Trial Act and on the Administration of Justice**

When examining this factor, courts must consider: the defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the government's repeated violations of the speedy trial requirements; and the public's interest in bringing the accused to trial. Blevins at 226. "Also implicated by this factor is the presence or absence of prejudice to the defendant." U.S. v. Mancia-Perez, 331 F.3d 464, 469 (5th Cir. 2003)(citing U.S. v. Taylor, 487 U.S. 326, 1268 (1988)). "When the charges are serious," as they are here, "courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of prejudice." U.S. v. May, 819 F.2d 531, 534 (5th Cir. 1987).

As stated in Johnson, under facts similar to those in the instant matter (*i.e.* delay primarily caused by the court):

> Finally, we consider the impact of a reprosecution on the administration of the Speedy Trial Act in particular, and on the administration of justice in general. Weighing in favor of dismissal with prejudice, we note that the Act was designed to protect a defendant's right to a timely trial, and dismissal with prejudice is more likely to cause the government and the courts diligently to comply with the Act's requirements. Allowing reprosecution, especially in cases such as this one where the delay is severe, may send the message to the government that violations - even severe violations - of the Act will not result in a correspondingly severe penalty. On the other hand, we acknowledge that the public has a great interest in bringing to trial defendants, especially recidivists, who have been accused of committing serious crimes. Balanced together and in the light of the stated purpose of the Speedy Trial Act, however, we conclude that, given the congressional judgments that have been made in the passage of this Act, this factor weighs in favor of dismissal with prejudice.
>
> ... After weighing the seriousness of the charged offense, Johnson's recidivism, and the facts and circumstances of this delay - which all weigh in favor of dismissal without prejudice - against the impact of reprosecution on the Act and the general administration of justice, we hold that Johnson's indictment should be dismissed without prejudice.

The reasoning in <u>Johnson</u> is equally applicable in this matter. All factors, with perhaps the exception of the third (Impact of Reprosecution on the Administration of the Speedy Trial Act and on the Administration of Justice) weigh in favor of dismissal without prejudice. Accordingly, the Court finds the Indictment issued against defendant should be dismissed without prejudice.

## IV. Conclusion

Due to the foregoing, the Court finds the Indictment against Roger Fontenette should be dismissed without prejudice. Accordingly, defendant's motion to dismiss the indictment with prejudice is DENIED [Doc. 80], and the governments motion to dismiss the indictment without prejudice is GRANTED [89].

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____2____ day of June, 2009.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE